**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YELENA PILOSOVA, on behalf of herself and all others similarly situated, | **CIVIL ACTION** |
| Plaintiff, | **CLASS ACTION COMPLAINT** **AND** **DEMAND FOR JURY TRIAL** |
| -against- | |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | |

Plaintiff YELENA PILOSOVA (hereinafter, "Plaintiff"), a New York resident, brings this action complaint by and through his attorney, Cohen & Mizrahi LLP, against Defendant MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Fed. R. Civ. P. 23, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive

debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id*.; § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

6.     Defendant's actions violated § 1692 *et seq.* of the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7.     Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8.     Plaintiff is a natural person and a resident of the State of New York and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9.     Defendant operates as a debt collection agency with an office located in Warren, Michigan.

10.     Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to another.

11.    Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS AS TO REFUSAL TO DISPUTE A DEBT

12.    Plaintiff brings claims, pursuant to the Fed. R. Civ. P. 23, individually and on behalf of the following nationwide consumer class (the "Dispute Class"):

   a.  All New York consumers from whom Defendant improperly threatened to not communicate a disputed debt as disputed in violation of 15 U.S.C. §1692 *et seq*.

   b.  The Dispute Class period begins one year to the filing of this action.

13.    The Dispute Class satisfies all the requirements of Fed. R. Civ. P. 23 for maintaining a class action:

   a.  Upon information and belief, the Dispute Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons whom Defendant has improperly denied the right to dispute a debt, in violation of specific provisions of the FDCPA.

   b.  There are questions of law and fact which are common to the Dispute Class and which predominate over questions affecting any individual class member. These common questions of law and fact include, without limitation:

      i.  Whether Defendant violated various provisions of the FDCPA;

      ii.  Whether Plaintiff and the Dispute Class have been injured by Defendant's conduct;

      iii.  Whether Plaintiff and the Dispute Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

3

iv.  Whether Plaintiff and the Dispute Class are entitled to declaratory and/or injunctive relief.

c.  Plaintiff's claims are typical of the Dispute Class, which all arise from the same operative facts and are based on the same legal theories.

d.  Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Dispute Class.

e.  Plaintiff will fairly and adequately protect the interest of the Dispute Class and has retained experienced and competent attorneys to represent the Dispute Class.

f.  A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g.  A class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Dispute Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a class action, Dispute Class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

h.  Defendant has acted on grounds generally applicable to the entire Dispute

Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Dispute Class as a whole.

## CLASS ALLEGATIONS AS TO FAILURE TO STATE THE AMOUNT OF DEBT

14.    Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if set forth at length herein.

15.    Plaintiff brings an additional class claim, pursuant to the Fed. R. Civ. P. 23(a) and 23(b)(3), individually and on behalf of the following consumer class (the "Balance Class").

16.    The Class consists of (a) all individuals with addresses in Queens County in the State of New York (b) to whom Defendant (c) sent a collection letter attempting to collect a consumer debt (d) failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of the debt  (e) which letter was sent on or after a date one year prior to filing this action and on or before a date 21 days after filing this action.

17.    The identities of all Balance Class members are readily ascertainable from Defendant's records and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

18.    Excluded from the Balance Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

19.    There are questions of law and fact common to the Balance Class, which common issues predominate over any issues involving only individual class members.  The principal issue is whether the Defendant's written communications to consumers, in the form attached as **Exhibit A**, violate 15 U.S.C. § 1962e.

20.    The Plaintiff's claims are typical of the Balance Class members, as all are based upon the same facts and legal theories.

21.    The Plaintiff will fairly and adequately protect the interests of the Balance Class defined in this complaint. The Plaintiff has retained counsel with experience handling in consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

22.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Fed. R. Civ. P. 23 because there is a well-defined community interest in the litigation:

      a.    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Balance Class defined above are so numerous that joinder of all members would be impractical.

      b.    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Balance Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as **Exhibit A**, violate 15 U.S.C. § 1692e.

      c.    **Typicality:** The Plaintiff's claims are typical of the claims of the Balance Class members. The Plaintiff and all members of the Balance Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d.    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the Balance Class members insofar as Plaintiff has no interest that are adverse to the absent Balance Class members.  Plaintiff is committed to vigorously litigating this matter.  Plaintiff has also retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions.  Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e.    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense.

23.    Certification of a class under Fed. R. Civ. P. 23(b)(3) is also appropriate in that the questions of law and fact are common to all members of the Balance Class and predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### ALLEGATIONS PARTICULAR TO YELENA PILOSOVA

25.    Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26.     Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

27.     Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1962a(5), when it mailed a collection letter to Plaintiff seeking to collect on an unpaid account allegedly owed to Synchrony Bank ("Synchrony"), which was bought by Midland Funding LLC and alleged to be in the amount of $3,617.59 (the "Debt").

28.     On or about June 6, 2018, Defendant sent Plaintiff a debt collection letter threatening legal action to collect on the Debt (the "Collection Letter") allegedly incurred for personal purposes.   A copy of the Collection Letter is attached hereto and incorporated herein as **Exhibit A**.

29.     The Collection Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

30.     The Collection Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

31.     Defendant's Collection Letter provides, in pertinent part, as follows: "Current Balance: $3,617.59".  This phrase implies that the balance may increase at a later stage.  See *Chuway v. Nat'l Action Fin., Servs*, 362 F.3d 944 (7th Cir. 2004) (Letter stating the balance but inviting the debtor to call to obtain "the most current balance information" creates doubt as to whether the balance stated is increasing and violates the FDCPA unless an explanation is provided).

32.     Plaintiff was left uncertain as to whether the balance would increase as there was no disclosure that indicated otherwise.

33.    The Collection Letter does not clearly state either that the amount will or will not increase.  See *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016).

34.    While it is typical for a collection letter to state an "amount due" or an "account balance", it is not typical for a collection letter to state that the amount owed is as of a specific date, as such language implies that the balance will increase at a different date.  See *Islam v. Am. Recovery Serv.*, No.: 17-cv-4228-BMC, 2017 WL 4990570 (E.D.N.Y. Oct. 31, 2017) (Language such as the "current balance" or "as of the date of this letter" is insufficient disclosure to a debtor that her balance is either dynamic or static and such ambiguity violates the framework of *Avila*).

35.    The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures harms the consumer such as Plaintiff.

36.    Collection letters that state only the "Current Balance", "As of the date of this letter you owe [amount due]" or "As of the date of this notice you owe [amount due]", but do not disclose that the balance might increase due to interest and fees, are misleading within the meaning of § 1692e.

37.    Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10) by misrepresenting the amount of debt owed by Plaintiff.

38.    15 U.S.C. § 1692e provides, in pertinent part, as follows:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) the false representation of –
>
> > (A) the character, amount, or legal status of any debt; or…

9

(10)  the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

39.    Upon information and belief, Defendant's Collection Letter is a form letter.

40.    Upon information and belief, the Defendant's Collection Letter is identical to other collection letters sent to consumers, which number in the hundreds.

41.    As a result of the following Count, Defendant violated the FDCPA.

42.    On or about June 11, 2018, Plaintiff called Defendant to inquire about and dispute the alleged Debt.

43.    A representative of Defendant answered the telephone and Plaintiff stated that she wanted to dispute the Debt.

44.    Defendant's representative refused to take Plaintiff's oral dispute and instead proceeded to list the transactions on the account.

45.    Plaintiff again stated that she wanted to dispute the Debt and, instead of accepting the dispute, Defendant's representative transferred Plaintiff's call to a supervisor.

46.    Plaintiff profusely stated that she wanted to dispute the Debt with the supervisor who refused to dispute the Debt.

47.    Instead of accepting the dispute, Defendant, through a supervisor, continued to discuss the Debt and asked Plaintiff about charges on the account from a year before the telephone call.

48.    Defendant, through a supervisor, proceeded to get personal with Plaintiff and asked about Plaintiff's personal credit history and questioned Plaintiff about her personal life.

49.    Plaintiff again stated that she wanted to dispute the Debt.

50.    Defendant, through its employees, kept Plaintiff on the telephone for over 20 minutes and refused to accept Plaintiff's dispute.

51.    Defendant, through a supervisor, misstated Plaintiff's dispute and stated that Plaintiff is disputing transactions and started again to list transactions from the account.

52.    In an effort to stop the harassment, Plaintiff tried to get of the telephone to care for her 18-month-old baby, but Defendant, through a supervisor, stated that she would hold on the line for as long as it took until the account could be satisfied.

53.    Defendant, through a supervisor, would not allow Plaintiff to end the telephone call and eventually Plaintiff abruptly ended the telephone call to end the harassment.

54.    Plaintiff wanted to dispute the interest charges on the Debt.

55.    Plaintiff wanted to dispute any other charges on the Debt.

56.    Defendant denied Plaintiff's right to dispute the interest charges on the Debt.

57.    Defendant denied Plaintiff's right to dispute any other charges on the Debt.

58.    Defendant failed/refused to accept and investigate Plaintiff's dispute.

59.    Based on the foregoing, Defendant violated various provisions of the FDCPA.

**First Count**
**Violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10)**
**False or Misleading Representations**

60.    Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "59" herein with the same force and effect as if the same were set forth at length herein.

61.    Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including, without limitation, 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10), for failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and

by employing false, deceptive and misleading representations in connection with the collection of a debt.

62.    Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

63.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

64.    Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

65.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

66.    Defendant's conduct constitutes a false, deceptive and misleading representation in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

67.    The Collection Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must be inaccurate, in violation of 15 U.S.C. § 1692e.

68.    Upon information and belief, pursuant to the terms and conditions of the agreement between Synchrony and Plaintiff, Synchrony charged Plaintiff interest and late fees on any payments due but not timely made by Plaintiff.

69.    Upon information and belief, the right to collect from Plaintiff interest and late fees on any payments due but not timely made by Plaintiff was not waived by Synchrony.

70.     Upon information and belief, the right to collect from Plaintiff interest and late fees on any payments due but not timely made by Plaintiff was not waived by any assignee or successor-in-interest.

71.     Plaintiff was never informed by anyone that the terms and conditions of the underlying agreement were changed.

72.     Upon information and belief, pursuant to the terms and conditions of the credit card agreement, interest and late fees continue to accrue on any payments due but not timely made by Plaintiff.

73.     Upon information and belief, pursuant to the terms and conditions of the credit card agreement, Synchrony and any assignee or successor-in-interest had the legal right to collect from Plaintiff interest and late fees on any payments due but not timely made by Plaintiff.

74.     Upon information and belief, pursuant to the terms and conditions of the credit card agreement, the legal right of Synchrony and any assignee or successor-in-interest to collect from Plaintiff interest and late fees on any payments due but not timely made by Plaintiff is not waived by Synchrony or any assignee or successor-in-interest as a result of a failure by either Synchrony or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned interest and late fees.

75.     15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and late fees.

76.     The Collection Letter failed to disclose that the balance stated may increase due to interest and late fees.

77.     The Collection Letter, because of the aforementioned failures, violates 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

78.    In the alternative, Plaintiff's account was not subject to the accrual of interest and late fees.

79.    By stating "Current Balance: $3,617.59", Defendant falsely suggested that immediate payment of the balance would benefit Plaintiff by implying that the balance would be subject to change and could be subject to additional interest and late fees.

80.    Because the Collection Letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

81.    Plaintiff suffered an injury in fact by being subjected to unfair and abusive practices of the Defendant.

82.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

83.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

84.    Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

85.    Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

86.    Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

87.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights.  The FDPCA enables consumers to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process.  One purpose of the FDPCA, among others, is to provide information that helps consumers choose intelligently.    The

Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits.  As a result, Defendant's materially misleading statements trigger liability under § 1692e of the FDCPA.

88.    Defendant's deceptive communications additionally violate the FDPCA since they frustrate the consumer's ability to intelligently choose his or her response.

89.    As an actual and proximate result of the acts and omissions of Defendant, Plaintiff has suffered, including, without limitation, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury.

90.    For these reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).  See *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018) (citing *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004)); see also *Thomas v. Midland Credit Mgmt., Inc.*, No. 2:17-CV-00523(ADS)(ARL), 2017 WL 5714722, at *4 (E.D.N.Y. Nov. 27, 2017); *Islam v. American Recovery Service Incorporated*, 17-CV-4228 (BMC), 2017 WL 4990570, at *2 (E.D.N.Y. Oct. 30, 2017).

91.    Plaintiff is entitled to judgment against the Defendant's conduct for violating § 1692e *et seq.* of the FDCPA, awarding Plaintiff statutory damages, costs and attorneys' fees.

<u>**Second Count**</u>
<u>**15 U.S.C. §1692e**</u>
<u>**False and Misleading Representations**</u>

92.    Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "91" herein with the same force and effect as if the same were set forth at length herein.

93.    Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated § 1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of a debt.

94.    The FDCPA allows the consumer to orally dispute a debt.  See, *Brady v. The Credit Recovery Company, Inc*., 160 F.3d 64 (1st Cir. 1998)(The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time); *Register v. Reiner, Reiner & Bendett, P.C.*, 488 F.Supp.2d 143 (D.Conn. 2007); *Vega v. Credit Bureau Enters*., No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005); *Nasca v. GC Servs. Ltd. P'ship*, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002); *In re Risk Mgmt. Alternatives, Inc*., Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002); *Castro v. ARS Nat'l Servs., Inc*., No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Ong v. Am. Collections Enter*., No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999).

95.    Defendant is required to accept Plaintiff's oral dispute over the telephone.  *Hooks v. Forman, Holt, Eliades & Ravin, L.L.C.*, 717 F.3d 282 (2d Cir. 2013); *Abramov v. I.C. Sys., Inc.*, 54 F. Supp. 3d 270 (E.D.N.Y. 2014).

96.    The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt.  See, *Castro v. ARS National Servs., Inc*., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *DeSantis v. Computer Credit, Inc*., 269 f.3d 159 (2nd Cir. 2001).

97.    A consumer's right to dispute a debt even without a valid reason is clearly conferred by the FDCPA.  See, *Hoffman v. Partners in Collections, Inc.*, No. 93 C 4182, 1993 WL 358158, at *4 (N.D. Ill. Sept. 14, 1993).

98.    Defendant failed to accept Plaintiff's oral dispute.

99.    After Plaintiff's attempt to dispute the Debt, Defendant continued to assume that Plaintiff's Debt was still valid.

100.    Plaintiff's oral dispute overcomes Defendant's assumption of the validity of the

Debt.

101.    Defendant unilaterally denied Plaintiff's oral dispute.

102.    Defendant violated § 1692e by not accepting Plaintiff's dispute over the telephone.

103.    Defendant further violated § 1692e by requiring a reason for the dispute.

104.    Defendant even further violated § 1692e by unilaterally deciding that the dispute was not valid.

105.    Upon information and belief, Defendant and its employees, as a matter of procedural practice and pattern never intended to follow through with the validation rights they purportedly provide in the initial communication.

106.    Upon information and belief, Defendant and its employees, intentionally denied Plaintiff his dispute rights afforded to her under the FDCPA.

107.    Upon information and belief, Defendant and its employees wrongfully failed to accept Plaintiff's oral dispute.

108.    Upon information and belief, Defendant and its employees, wrongfully implied to Plaintiff that a dispute needs to be deemed valid in order for it to be considered a dispute.

109.    Upon information and belief, Defendant and its employee, by intentionally denying Plaintiff and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

110.    Defendant's employees who spoke with Plaintiff intended to speak said words to Plaintiff.

111.    The acts and omissions of Defendant and its employees done in connection with efforts to collect a debt from Plaintiff were done intentionally and willfully.

112.    Upon information and belief, Defendant and its employees intentionally and

willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by Defendant purportedly in the validation notice.

113.    As an actual and proximate result of the acts and omissions of Defendant and its employees, Plaintiff has suffered actual damages and injury, including, without limitation, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by a jury at trial.

**Third Count**
**15 U.S.C. § 1692e(8)**
**Failure to Communicate that a Disputed Debt is Disputed**

114.    Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "113" herein with the same force and effect as if the same were set forth at length herein.

115.    Defendant failed to accept Plaintiff's oral dispute.

116.    Upon information and belief, by failing to accept Plaintiff's dispute, Defendant also failed to report that the Debt was disputed to third parties, such as the current creditor and any Credit Reporting Agency.

117.    Such failure is a violation of 15 U.S.C. § 1692e(8).

118.    Defendant's failures were intentional and willful.

119.    Plaintiff suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by a jury at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)    Declaring that this action is properly maintainable as a class action and certifying Plaintiff as the Dispute Class representative and the Balance Class representative, and Cohen & Mizrahi LLP as counsel to both the Dispute Class and the Dispute Class;

(b)    Awarding Plaintiff, the Dispute Class, and the Balance Class statutory damages;

(c)    Awarding Plaintiff, the Dispute Class, and the Balance Class actual damages;

(d)    Awarding Plaintiff, the Dispute Class, and the Balance Class costs of this action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff, the Dispute Class, and the Balance Class such other and further relief as this Court may deem just and proper.

Dated:    Brooklyn, New York
          June 26, 2018

By: _/s/ *Daniel A. Louro*_____
Daniel A. Louro, Esq.
Cohen & Mizrahi LLP
300 Cadman Plaza W, 12th Floor
Brooklyn, New York 11201
Phone: (929) 575-4175
Fax:    (929) 575-4195
Email: dlouro@cml.legal
*Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Daniel A. Louro*_____
Daniel A. Louro, Esq.

Dated:    Brooklyn, New York
          June 26, 2018